Chancellor Johnson.
For the full and perfect understanding of the quotation from ihe count contained in the brief, it will be necessary to premise that it had been before recited in the count, that the plaintiff had been arrested on the said charge of felony, and imprisoned, and kept and detained in prison, until, by the judges'of the Court of Sessions, he “was then and there duly discharged out of the said custody, fully acquitted and discharged of the said supposed offence,” &c. It is evident, therefore, that the first member of the sentence quoted refers to his discharge from imprisonment, which does not necessarily import a discharge from the prosecution, and that the last member of the sentence “fully acquitted and discharged of the said supposed offence,” was intended to express the manner of the discharge. This is the precise case of Thomas vs. DeGraffenreid, 2 N. & M’C., 143 ; and the averment is not supported by proof,, that the plaintiff was discharged on a return of ignoramus by the grand jury on the indictment. “Acquitted” is technically used to express an acquittal on a trial before the petit jury.
In theory, judgment of non-suit is never awarded, except where the plaintiff himself neglects to prosecute his suit, or voluntarily abandons it. He has a right to go before the jury, however slight or irrelevant the evidence in support of his action. But with us, a practice has been introduced, and has been very long in general use, for the court to order anon-suit when the plaintiff wholly fails to prove the allegations in his declaration. No possible injury results to the plaintiff from this practice, for he would not be permitted to retain a verdict unsupported by evidence; and it is well calculated to economise the time of the court, and ought not, therefore, to be abandoned ; but this practice is not impeiative on the court. When the jury is charged with a cause, the judge is not bound to take it away from them and order a non-suit, although the count is not supported by the evidence, and ought never to do so when there is, in his judgment, the slighest evi* dence in support of the plaintiff’s cause.
*197 The matter of amendment was within the discretion of the court — subject, it is true, to the supervision of this court; but amendments are almost universally allowed, when they do not surprise, hinder, or delay the opposite party; and these qualifications have not been violated here. The mis-trial did not alter the rights of the parties; the case stands now exactly as if no attempt to try it had ever been made.
Motion dismissed.
Richardson, Harper, Johnston, Evans, and O’Neall, CC. and JJ. concurred.